UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MARTEL, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-01384-CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff initiated the present proceeding on January 21, 2020.  ECF No. 1.  The court dismissed plaintiff's complaint on August 21, 2020 after finding that it failed to state a claim for relief against any of the 49 individual defendants.  ECF No. 7.  Plaintiff was granted leave to amend his complaint.  ECF No. 7.  The court's screening order provided plaintiff with the appropriate legal standards governing his claims for relief if he chose to file an amended complaint.  Id.   On August 26, 2020, plaintiff filed a first amended complaint that is before the court for screening.

**I.　　Screening Requirement**

As plaintiff is aware, the court is required to screen complaints brought by prisoners

1

1  seeking relief against a governmental entity or officer or employee of a governmental entity. 28

2  U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has

3  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

4  may be granted, or that seek monetary relief from a defendant who is immune from such relief.

5  28 U.S.C. § 1915A(b)(1), (2).

## II.    Allegations in the First Amended Complaint

Plaintiff's sixty-seven page hand-written, single-spaced amended complaint is full of legal conclusions that plaintiff's First, Eighth, and Fourteenth Amendment rights were violated by CDCR officials. Interspersed with these conclusory allegations are several disjointed references to specific events including plaintiff's transfer to the California Health Care Facility, his refusal to get medical treatment at San Joaquin General Hospital which led to his forced cell extraction, and the issuance of false disciplinary and medical records pertaining to his mental health.

The amended complaint identifies the same 49 CDCR defendants who were named in his original complaint. Once again, plaintiff makes no effort to identify where each defendant was employed at the time of the alleged violations. Although plaintiff was informed in the court's prior screening order that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983, plaintiff included numerous defendants who he alleges improperly rejected or cancelled his inmate appeals. See ECF No. 7 at 6-7. In this same order plaintiff was advised that he must allege in specific terms how each named defendant was involved in the asserted constitutional violation. ECF No. 7 at 8. However, his amended complaint alleges that a prison warden and associate warden were responsible for his retaliatory transfer to the California Health Care Facility without identifying what individual actions that each defendant took that resulted in plaintiff's transfer. Just like in the original complaint, plaintiff has improperly joined unrelated claims against multiple defendants into this single civil action. The court's screening order of August 21, 2020 specifically provided plaintiff with the legal standards governing joinder of claims and parties. ECF No. 7 at 7. Plaintiff failed to address any of the issues identified in the screening order.

/////

**III.     Analysis**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). In light of this standard, plaintiff's complaint does not resemble anything "short and plain" and must be dismissed. The court's prior instructions to plaintiff have had no effect. Therefore, while the court will grant plaintiff leave to file a second amended complaint, the amended complaint shall be no more than 25 pages in length and shall be on the court approved form provided to plaintiff. **Plaintiff is warned that this is his last opportunity to comply with this court's orders. If plaintiff fails in any material respect to follow the directions given to him in the court's screening orders, the court will recommend that this matter be dismissed for failure to follow court rules under Federal Rule of Civil Procedure 41(b).**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that you made no effort to fix the problems that were identified in your original complaint.  Your first amended complaint does not contain a short and plain statement explaining how specific defendants violated your constitutional rights on dates that are clearly identified.  As a result, your amended complaint is being dismissed.  You are being given one last chance to fix the problems identified in this order.  Should you choose to do so, you may file a second amended complaint that is no more than 25 pages in length on the court-approved form within 30 days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed.

2. The Clerk of the Court shall send plaintiff the court's form-complaint for violations of civil rights alleged by California prisoners.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

4. Plaintiff's failure to file an amended complaint in accordance with the directions in this order as well as the court's August 21, 2020 screening order will result in a recommendation that this action be dismissed.

Dated:  January 21, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4