UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:20-cv-01384-CKD P |
| Plaintiff, | |
| v. | ORDER |
| M. MARTEL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's second amended complaint.

**I.     Screening Requirement**

As plaintiff is aware, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

**II.     Allegations in the Second Amendment Complaint**

On January 21, 2021, plaintiff was given one last opportunity to comply with Rule 8's requirement that a complaint contain a "short and plain statement of the claim." ECF No. 12 at 3. He was granted leave to file a second amended complaint limited to no more than 25 pages in length. Id. The same order warned plaintiff that his failure to follow the court's order would result in a recommendation that the action be dismissed for failure to follow a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Id.

Plaintiff filed a second amended complaint against 41 defendants on February 1, 2021. ECF No. 14. The allegations in the second amended complaint concern the decision to transfer plaintiff back to CHCF on August 25, 2016 even though he had a prior physical altercation with staff at that facility. As a result, plaintiff spends a great deal of time recounting events that occurred in 2015 which are not germane to this lawsuit. Plaintiff alleges that due to the prior incident, he was the target of acts of retaliation, excessive force, and threats to his safety while an inmate at CHCF. Plaintiff was finally transferred from CHCF to Wasco State Prison on March 14, 2019.

**III.    Legal Standards[1]**

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3

---

[1] The court's two prior screening orders contained the relevant legal standards governing plaintiff's substantive claims for relief which are not restated herein. Plaintiff is advised to refer to the court's prior orders to determine which claim he wishes to bring and how properly to assert it.

the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

### IV. Analysis

While plaintiff has narrowed the allegations in his amended complaint by eliminating eight of the prior 49 named defendants and all claims for relief based on the processing of his inmate appeals, the court is still unable to serve any defendant based on the improper joinder of unrelated claims against multiple defendants in this single action. See ECF Nos. 7 at 7, 12 at 2-3. The court cannot discern from the numerous allegations whether this is a case of retaliation based on plaintiff's housing classification, deliberate indifference to his serious medical and mental health needs, the use of excessive force during cell extractions, or the conditions of his confinement while housed at CHCF between August 25, 2016 and March 14, 2019. Defendants' knowledge of plaintiff's prior assault on CHCF staff in 2015 is not a sufficient connection to join all of the unrelated claims in the second amended complaint into a single suit. Plaintiff was warned that his continued failure to follow directions in the court's screening order would result in a recommendation that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See ECF No. 12 at 3. However, based on plaintiff's attempt to comply with the court's prior screening order as well as his documented mental health history, the court will grant plaintiff one last chance to amend his complaint. If he chooses to do so, plaintiff may proceed in this action only on those claims against different defendants that arise out of the same transaction or occurrence, or that involve a common question of law or fact. If plaintiff continues to join unrelated parties and claims in any third amended complaint, the undersigned will not hesitate to recommend dismissing this action for failing to follow a court order. **The amended complaint shall be no more than 20 pages in length and shall be on the court approved form provided to plaintiff.**

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under

42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

The court has reviewed your second amended complaint and determined that you did not fix the problems that were identified in the court's prior screening order. Your second amended complaint continues to improperly join unrelated claims and defendants in this single civil action. As a result, your second amended complaint is being dismissed. You are being given one last chance to fix the problems identified in this order. Should you choose to do so, you may file a third amended complaint that is no more than 20 pages in length on the court-approved form within 30 days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint limited to no more than 20 pages that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must be written on the court-approved form, bear the docket number assigned this case, and must be labeled "Amended Complaint."

3. Failure to file an amended complaint in accordance with the instructions provided in this screening order will result in a recommendation that this action be dismissed pursuant to Rule

1 | 41(b) of the Federal Rules of Civil Procedure.

2 |     4. The Clerk of Court is directed to send plaintiff a copy of the court-approved form for

3 | filing a § 1983 action in this district.

4 | Dated:  November 22, 2021

                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

12 | 12/call1384.14am.2nd.new.docx