1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMISI JERMAINE CALLOWAY,                 No.  2:20-cv-01384-CKD P

12                  Plaintiff,

13        v.                                   ORDER AND

14   M. MARTEL, et al.,                        FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court are plaintiff's

20   third amended complaint and his motion for a preliminary injunction and temporary restraining

21   order.  ECF Nos. 17, 20.

22        By order dated November 22, 2021, the court dismissed plaintiff's second amended

23   complaint for improperly joining unrelated claims against multiple defendants into a single

24   action.  ECF No. 15 at 3.  Plaintiff was advised that the court could not determine "from the

25   numerous allegations whether this is a case of retaliation based on plaintiff's housing

26   classification, deliberate indifference to his serious medical and mental health needs, the use of

27   excessive force during cell extractions, or the conditions of his confinement while housed at

28   CHCF between August 25, 2016 and March 14, 2019."  ECF No. 15 at 3.  The court granted

1

1   plaintiff one final opportunity to amend his complaint despite his failure to follow prior court

2   orders.  Id.  The court warned plaintiff that if he continued to join unrelated parties and claims

3   despite multiple warnings, the court would recommend dismissing this action for failing to follow

4   a court order.  Id.

5          **I.       Screening Requirement**

6         As plaintiff was previously advised, the court is required to screen complaints brought by

7   prisoners seeking relief against a governmental entity or officer or employee of a governmental

8   entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion

9   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

10   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

11   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12          **II.     Allegations in the Third Amended Complaint**

13         In complete disregard for this court's prior orders, plaintiff filed a third amended

14   complaint against 41 named CDCR defendants, an additional 100 Doe defendants, and the San

15   Joaquin General Hospital.  ECF No. 20.  In each of his causes of action, plaintiff asserts, in a

16   conclusory fashion, that these numerous defendants personally tried to kill him by retaliating

17   against him, forcibly removing him from his cell to take him for needed medical treatment, and

18   denying him humane conditions of confinement.  ECF No. 20.  The factual allegations date from

19   August 2016 to October 2017.  Id.

20         Once again, the court cannot discern any common transaction or occurrence that connects

21   all of the defendants in the third amended complaint.  See Fed. R. Civ. P. 20(a)(2)(A).  Nor are

22   there any common questions of law or fact connecting the various causes of action that range

23   from First Amendment retaliation claims to Eighth Amendment conditions of confinement and

24   deliberate indifference claims.  Fed. R. Civ. P. 20(a)(2)(B).  Plaintiff was informed that filing a

25   third amended complaint with unrelated claims and defendants would result in a recommendation

26   that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).  Plaintiff has demonstrated his

27   unwillingness to comply with multiple court orders despite being given several opportunities to

28   fix the deficiencies in his complaint.  See ECF No. 16.  Therefore, the undersigned recommends

1  dismissing plaintiff's third amended complaint without further leave to amend.  See also

2  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

3  (holding that while leave to amend shall be freely given, the court does not have to allow futile

4  amendments).

5       **III.     Plain Language Summary for Pro Se Party**

6       The following information is meant to explain this order in plain English and is not

7  intended as legal advice.

8       The court has reviewed the allegations in your third amended complaint and determined

9  that you joined unrelated claims against multiple defendants despite multiple court warnings not

10  to do so.  It is recommended that your complaint be dismissed without further leave to amend due

11  to your failure to follow court orders.

12       If you disagree with this recommendation, you have 14 days to explain why it is not the

13  correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings

14  and Recommendations."  The district judge assigned your case will then review the case and

15  make the final decision in this matter.

16       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this

17  matter to a district court judge.

18       IT IS RECOMMENDED that:

19       1.   Plaintiff's third amended complaint be dismissed pursuant to Federal Rule of Civil

20  Procedure 41(b) for failing to follow a court order.

21       2.   Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF

22  No. 17) be denied as moot in light of the dismissal of plaintiff's amended complaint.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28  objections shall be filed and served within fourteen days after service of the objections.  The

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1384.F&R.41(b).docx